O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  CR 09-00364 DDP ✓ |
| | ) | [CV 11-04351 DDP] |
| Plaintiff, | ) | |
| | ) | **ORDER DISMISSING PETITION WITHOUT PREJUDICE** |
| v. | ) | |
| | ) | |
| MICAH FENTON FACEY, | ) | [Criminal Docket No. 52] |
| | ) | |
| Defendant. | ) | [Civil Docket No. 3] |
| _____ | ) | |

    Presently before the court is Petitioner Micah Fenton Facey's Petition for Post Conviction Relief Pursuant to Title 8 United States Code Section 1326(d) ("Petition").  Having reviewed the Petitioner's submissions, the court dismisses the Petition without prejudice and adopts the following Order.

    In 2009, the court accepted Petitioner's plea of guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326.  The court then sentenced Defendant to a 46-month prison term.  On May 23, 2011, Petitioner filed this Petition for Post Conviction Relief, arguing that the 1990 deportation hearing underlying his illegal reentry conviction is invalid under § 1326(d).

///

Section 1326(d) sets forth requirements to collaterally attack an underlying deportation order during a criminal proceeding for illegal reentry under § 1326.  As discussed, Petitioner has already pled guilty and been sentenced in his criminal proceeding.  It is therefore unclear what the basis is for this Petition - i.e. whether Petition is seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, or some other relief.  Section 1326(d) alone does not provide any basis for post-conviction relief.

The court further notes that at least one district court has held that a guilty plea to illegal reentry precludes a § 1326(d) collateral attack on the underlying deportation order.  See Wong v. Ashcroft, 369 F. Supp. 2d 483, 487-88 (S.D.N.Y. 2005).  As the court then explained, however, a petitioner "retains the right to argue that his plea was not knowing and voluntary" - for instance, due to ineffective assistance of counsel.  Id. at 488.  The court therefore allowed petitioner to amend his petition to assert such a claim, after finding that the claim "related back" to his original petition.  See id. at 489-90.

Accordingly, because Petitioner here has not articulated any ground for seeking post-conviction relief, the court hereby dismisses the Petition.  The dismissal, however, is without prejudice, since it is possible that Petitioner could allege a valid basis for relief in an amended petition.

IT IS SO ORDERED.

Dated: May 15, 2012

DEAN D. PREGERSON
United States District Judge